■ ARBOR REALTY FUNDING LLC, Appellant, v EAST 51ST STREET DEVELOPMENT COMPANY, LLC, et al., Defendants, and T.M.J. PLUMBING AND HEATING CORP. et al., Respondents. [890 NYS2d 14]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered June 4, 2009, which, upon plaintiff's motion, clarified that an order, same court and Justice, entered February 2, 2009, which referred the issue whether certain notes and mortgages could be satisfied without the sale of the property located at 303 East 51st Street in Manhattan, contemplated an examination of the value of property other than the subject real property, unanimously affirmed, without costs.

Initially, we find that plaintiff's motion for clarification of the February 2, 2009 order was essentially a motion to reargue that was granted (CPLR 2221 [d] [2]).

Contrary to plaintiff's contention, the court did not require it to pursue the borrower for a money judgment on a guaranty in the middle of a foreclosure action. The court directed the special referee to hear and report whether plaintiff's notes and mortgages could be satisfied without the sale of the property located at 303 East 51st Street because it required that information to decide the motion for summary judgment on the second counterclaim of defendants T.M.J. Plumbing and Heating Corp. and R&J Construction Corp., two of the construction entities that filed mechanic's liens against 303, 305 and 307 East 51st Street (the East 51st Street property). T.M.J. and R&J alleged that plaintiff should not be permitted to sell the East 51st Street property until it had "exhausted all of its remedies as to the Second Avenue Property and from the Guarantor." The reference was authorized by CPLR 4001, 4212 and 4311. In addition, the referee's report will provide the court with information relevant to the entry of any deficiency judgment against defendant guarantors pursuant to RPAPL 1371 (1). Thus, the court's order did not impermissibly require the plaintiff to satisfy the debt from the guarantor's personal assets before plaintiff exhausted the mortgaged properties.

Plaintiff's remaining arguments are unavailing. Concur—

Tom, J.P., Friedman, Moskowitz, Freedman and Abdus-Salaam, JJ.